UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JUAN GARCIA RAZO and DULCE SOTO, | No. 2:18-cv-01569-JAM-DB |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS** |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | |

Plaintiffs Juan Garcia Razo and Dulce Soto filed this lawsuit following denial of Garcia Razo's visa application. First Am. Compl. ("FAC"). Plaintiffs move for summary judgment, Mot. Summ. J., ECF No. 18, and the Government moves for dismissal, Mot. Dismiss, ECF No. 19. For the reasons set forth below, the Court DENIES Plaintiff's motion and GRANTS the Government's motion.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Soto is a United States citizen and Plaintiff Garcia Razo is a citizen of Mexico. FAC ¶ 2. They have been married for four years and have four children together, all of whom are United States citizens. FAC ¶ 3.

After they married in 2014, Garcia Razo sought to obtain

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 19, 2019.

1

Lawful Permanent Resident status based on his marriage to a U.S. citizen. FAC ¶ 4. On February 6, 2018, Garcia Razo left the United States to attend his immigrant visa interview with the United States Consulate in Ciudad Juarez, Chihuahua, Mexico. FAC ¶ 5. Prior to his departure, Garcia Razo had received an I-601A Provisional Unlawful Presence Waiver from the United States Citizenship and Immigration Services ("USCIS"). Id.

The United State Consulate in Ciudad Juarez denied Garcia Razo's visa and prohibited his return to the United States on February 9, 2018. FAC ¶ 6. The consular officer found that Garcia Razo was inadmissible under two statutory provisions: (1) departure from the United States after more than a year of unlawful presence, 8 U.S.C. § 1182(a)(9)(B)(i)(II); and (2) reentrance into the United States without admission after more than one year of unlawful presence, 8 U.S.C. § 1182(a)(9)(C)(i)(I). Id.

Garcia Razo first entered the United States from Mexico without inspection on February 26, 2004, at age 16. FAC ¶ 7. When he was 17, Garcia Razo returned to Mexico on November 27, 2005 after 17 months in the United States. Id. On March 7, 2007, Garcia Razo again entered the United States without inspection and stayed until departing for his February 2018 visa interview in Ciudad Juarez. Id.

Plaintiffs filed this action on May 29, 2018, bringing three claims arising under the Immigration and Nationality Act (INA), Fifth Amendment to the United States Constitution, and the Administrative Procedure Act (APA). FAC ¶¶ 55-83. Plaintiffs seek a declaration that the basis upon which the Government

2

denied Garcia Razo a visa violated the INA. FAC at 13. Alternatively, Plaintiffs seek a declaration that USCIS failed to provide adequate notice to Garcia Razo regarding his visa inadmissibility. Id.

## II. OPINION

### A. Plaintiffs' Challenge to the Denied Visa Application

Plaintiffs' first claim argues that it was unlawful to deny Garcia Razo's visa application under 8 U.S.C. § 1182(a)(9)(C)(i)(I). FAC ¶¶ 55-65. The Government moves to dismiss this claim, and the remainder of the complaint, based on the doctrine of consular nonreviewability. Mot. Dismiss at 6-12.

The doctrine of consular nonreviewability limits judicial review of a consular official's decision to grant or deny a visa. Allen v. Milas, 896 F.3d 1094, 1108-09 (9th Cir. 2018). The doctrine is rooted in Congress's plenary power to regulate immigration. See Kleindienst v. Mandel, 408 U.S. 753, 769-70 (1972); U.S. ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543 (1950). Specifically, the INA authorized consular officials to issue or withhold visas and exempts that determination from the Secretary of State's review. Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986) (citing 8 U.S.C. §§ 1101(a)(9), (16); 1201; 1104(a)).

The Supreme Court identified that a limited exception to the doctrine of consular nonreviewability arises when the visa denial implicates a constitutional right of an American citizen. Mandel, 408 U.S. at 769-70. Thus, "the only standard by which [a court] can review the merits of a consular officer's denial of a visa is for constitutional error, where the visa application

[was] denied without a 'facially legitimate and bona fide reason.'" Allen, 896 F.3d at 1097 (quoting Mandel, 408 U.S. at 769). As Justice Kennedy explained in his concurring opinion in Kerry v. Din, 134 S.Ct. 2128, 2140 (2015), if a visa denial is based on a facially legitimate and bona fide reason, "'courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against' the constitutional interests of citizens the visa denial might implicate." Id. (quoting Mandel, 408 U.S. at 770). See also Trump v. Hawaii, 138 S. Ct. 2392, 2419 (2018) (reaffirming that courts should not examine or test the Executive's exercise of delegated power to exclude foreign nationals if facially legitimate and bona fide).

Plaintiffs contend that the doctrine of consular nonreviewability does not apply for three reasons. Pls. Opp'n at 4-5. First, they argue that the doctrine does not apply to challenges of statutory interpretation. Id. at 5-12. Next, Plaintiffs assert that the doctrine does not apply because the consulate's decision to deny Plaintiff Garcia Razo's visa was not facially legitimate and bona fide. Id. at 12-15. Finally, they challenge application of the doctrine to their claims against USCIS regarding the I-601A Waiver. Id. at 15. The parties agree that no material facts are in dispute.

1. **Statutory Interpretation**

Plaintiffs rely primarily on Singh v. Clinton, 618 F.3d 1085 (9th Cir. 2010) for their assertion that the Court may review the denial of Garcia Razo's visa application. While Plaintiffs repeatedly assert they are challenging an official State

4

Department policy, the evidence presented shows they are challenging a consular official's interpretation of the statute as applied to the facts present in Garcia Razo's application. As the Ninth Circuit has noted, Singh concerned a suit against the State Department for failure to follow the INA and its own regulations when terminating an existing visa, rather than a consular officer's adjudication of the noncitizen's visa application. Allen, 896 F.3d at 1108. Singh presents markedly different circumstances, under which there was no consular decision to which the doctrine would apply. That Plaintiffs added the State Department as a defendant does not change the basis for their underlying claims. They named the consular officer that denied Garcia Razo's application as a defendant and their first claim challenges how the officer interpreted and applied the INA in adjudicating Garcia Razo's visa application. FAC ¶¶ 17, 35. This case does not present a question of statutory interpretation distinct from a consular officer's discretionary determinations, and Singh does not aid the Court in its determination.

The Court finds the Government's reliance on Allen v. Milas, 896 F.3d 1094 (9th Cir. 2018) to be more persuasive. In Allen, as here, an American citizen challenged denial of his noncitizen spouse's visa application by a consular officer. 896 F.3d at 1097-98. The plaintiff argued that the consular officer committed legal error in interpreting the INA, seeking review of the officer's decision under the APA. Id. The Ninth Circuit affirmed the district court's dismissal, finding that the APA did not provide a means by which to review a consular officer's

5

adjudication of a visa on the merits. Id. at 1108.

Accordingly, the Court finds that the doctrine of consular nonreviewability applies to Plaintiffs' visa claims so long as the visa denial was based on a facially legitimate and bona fide reason. Din, 134 S.Ct. at 2140.

### 2. **Facially Legitimate and Bona Fide Reason**

Consular officers are "charged with adjudicating visas under rules prescribed by law," and may not issue a visa if they know or have reason to believe that the applicant is ineligible to receive a visa under any provision of law. Allen, 896 F.3d at 1107 (citing 8 U.S.C. § 1201(g)(3)). When denying a visa application, the consular officer must cite to a statutory basis of ineligibility, relying on a bona fide factual basis for that denial. Din, 135 S. Ct. at 2140 (Kennedy, J., concurring).

The Court finds that the reasons provided by the consular officer were facially legitimate and bona fide. The consular officer's decision to deny Garcia Razo's visa application provided two statutory bases: (1) Garcia Razo was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) based on his entry without inspection in 2007, after having been unlawfully present in the United States for a period in excess of one year; and (2) Garcia Razo was inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) based on the period of unlawful presence in the United States between 2007 and 2018, as the finding under 8 U.S.C. § 1182(a)(9)(C)(i)(I) automatically revoked his I-601A Waiver. FAC ¶ 6.

The consular officer's first reason for Garcia Razo's inadmissibility, 8 U.S.C. § 1182(a)(9)(C)(i)(I), was legitimate

and bona fide.  This portion of the INA references individuals who have repeatedly entered the country without inspection:

> (C) Aliens unlawfully present after previous immigration violations
>
> >  (i) In general
> >
> > > Any alien who—
> > >
> > > > (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or
> > > >
> > > > (II) has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,
> >
> > and who enters or attempts to reenter the United States without being admitted is inadmissible.

8 U.S.C. § 1182(a)(9)(C)(i).  Subsection (C) contains a single exception and a waiver provision, neither of which is applicable here.  8 U.S.C. § 1182(a)(9)(C)(ii)-(iii).  The consular officer had a good faith reason to believe that Garcia Razo entered the United States without inspection in February 2004, left in November 2005, and reentered the United States without inspection in March 2007.[2]

Plaintiffs argument that the consular officer's decision was not legitimate or bona fide because it did not apply a subsection (B) exception to subsection (C) is unpersuasive.  The Ninth Circuit previously declined to impose a similar interpretation of the interaction between these two subsections. Acosta v. Gonzales, 439 F.3d 550, 557–58 (9th Cir. 2006), overruled on

---

[2] To the extent that Plaintiffs base their argument on a post-decision email from the State Department containing a typo—"November 2004" instead of November 2005—the undisputed facts support the consular officer's determination that November 2005 was the correct date that Garcia Razo first departed from the United States.

7

other grounds by Garfias-Rodriguez v. Holder, 702 F.3d 504 (9th Cir. 2012) (en banc). In Acosta, the Ninth Circuit found that the waiver provision of subsection 1182(a)(9)(B) did not apply to subsection 1182(a)(9)(C), even though the two subsections shared the same general meaning of "unlawful presence." 439 F.3d at 557 (holding § 1182(a)(9)(C) did not incorporate the "hardship" waiver of § 1182(a)(9)(B)). Acosta's reasoning regarding the inapplicability of subsection (B) waivers to subsection (C) applies with equal force to the respective exceptions within subsection (B). Each subsection provides its own waivers and exceptions, tailored to the above clauses. In the case of the relevant exception, 8 U.S.C. § 1182(a)(9)(B)(iii)(I), the plain language specifically states that the minor exception applies "under clause (i)." There is no evidence that the consular officer's determination—that Garcia Razo did not qualify for a subsection (B) minor exception for inadmissibility under subsection (C)—was illegitimate or made in bad faith.

The consular officer's second determination, under 8 U.S.C. § 1182(a)(9)(B)(i)(II), was similarly based on a legitimate and bona fide reason. The relevant portion of the INA provides:

(B) Aliens Unlawfully Present

  (i) In general

  Any alien (other than an alien lawfully admitted for permanent residence) who—

    (I) was unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States (whether or not pursuant to section 1254a(e)2 of this title) prior to the commencement of proceedings under section 1225(b)(1) of this title or section 1229a of this title, and again seeks admission within 3

8

```
                  years of the date of such alien's departure or
                  removal, or
                      (II) has been unlawfully present in the United
                  States for one year or more, and who again seeks
                  admission within 10 years of the date of such
                  alien's departure or removal from the United
                  States,
              is inadmissible.
```

8 U.S.C. § 1182(a)(9)(B)(i). The subsection defines "unlawful presence" as:

> (ii) Construction of unlawful presence
>
> For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled.

8 U.S.C. § 1182(a)(9)(B)(ii). Subsection (B) includes five exceptions to applicability, a tolling mechanism, and a waiver provision. 8 U.S.C. § 1182(a)(9)(B)(iii)-(v). One of subsection (B)'s exemptions excludes the period of time that an individual was a minor from the unlawful presence calculation in 8 U.S.C. § 1182(a)(9)(B)(i). 8 U.S.C. § 1182(a)(9)(B)(iii)(I) ("No period of time in which an alien is under 18 years of age shall be taken into account in determining the period of unlawful presence in the United States under clause (i)."). Based on the undisputed facts, the consular officer had a good faith reason to believe that Garcia Razo entered the United States without admission in 2007 and resided in the United States for more than a year after that entry.

Had this been Garcia Razo's reason for inadmissibility, his I-601A Waiver would have covered it. Yet because Garcia Razo's I-601A Waiver revoked automatically following the finding of admissibility under subsection (C), 8 C.F.R. § 212.7(e)(14)(i), the consular officer determined that his request for admission took place within ten years of being unlawfully present in the United States. There is no allegation that the consular officer considered Garcia Razo's presence as a minor in the subsection 1182(a)(9)(B)(i) unlawful presence calculation or that the consular officer who denied the visa acted in bad faith. The Court does not find that the consular officer's citation to subsections 1182(a)(9)(B)(i) and 1182(a)(9)(C)(i) was improper.

Thus, because the consular officer's determination was facially legitimate and made in good faith, the doctrine of consular nonreviewability applies to the denial of Garcia Razo's visa application.

**B.   Plaintiffs' Challenges to the Revoked I-160A Provisional Waiver**

Plaintiffs' second and third claims focus on the revocation of Garcia Razo's I-601A Waiver. FAC ¶¶ 66-83. The second claim asserts it was unlawful for USCIS to terminate the I-601A Waiver. FAC ¶¶ 66-70. The third claim asserts that USCIS should have warned Garcia Razo that he was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) prior to approving his I-601A Waiver. FAC ¶¶ 71-83. The Government contends that these two claims should be denied as moot.

Garcia Razo's I-601A Waiver was approved and mailed to him in February 2017. Tolchin Decl., Ex. C, ECF No. 14, p. 15. The

Waiver explicitly states, "**NOTE:** The approval of your provisional unlawful presence waiver only covers the grounds for inadmissibility for unlawful presence in the United States under section 212(a)(9)(B)(i)(I) and (II)" of the INA. Id. The form further provides that a consular officer's finding of any other grounds of inadmissibility will "automatically revoke[]" the I-601A Waiver. Id. Finally, in its limitation section, the form states that approval of the waiver "**DOES NOT:** Address any other grounds of inadmissibility besides unlawful presence; for example, criminal grounds, fraud, or prior removals." Id. The terms and limitations are stated in plain language and printed in legible font of a reasonable size. Id. Contrary to Plaintiffs' argument, the single page form does not "bury" the limitations in "confusing, boilerplate language." Rather, these provisions directly apprise a recipient that the waiver only applies to a single ground of inadmissibility—8 U.S.C. § 1182(a)(9)(B), inadmissibility based on a period of unlawful presence—and that the waiver revokes automatically if the consular officer determines there are any other grounds for inadmissibility.

The form's provisions accurately reflect the implementing regulations for issuance and revocation of a I-601A Waiver. Those regulations state:

> The approval of a provisional unlawful presence waiver is revoked automatically if:
>
> (i) The Department of State denies the immigrant visa application after completion of the immigrant visa interview based on a finding that the alien is ineligible to receive an immigrant visa for any reason other than inadmissibility under section 212(a)(9)(B)(i)(I) or (II) of the Act. This automatic revocation does not prevent the alien

11

> from applying for a waiver of inadmissibility for
> unlawful presence under section 212(a)(9)(B)(v) of
> the Act and 8 CFR 212.7(a) or for any other relief
> from inadmissibility on any other ground for which
> a waiver is available and for which the alien may
> be eligible;

8 C.F.R. § 212.7(e)(14). Because the consular officer determined that Garcia Razo was inadmissible under a section other than section 212(a)(9)(B)(i)(I) or (II), the regulations provided for automatic revocation of Garcia Razo's I-601A Waiver. Based on the undisputed facts, Plaintiffs cannot succeed on their second claim because the Government's action was neither arbitrary nor capricious, and was otherwise in accordance with law. See 5 U.S.C. § 706(2). Accordingly, Plaintiffs' second claim must be dismissed.

As for Plaintiffs' third claim, there is a marked absence of legal support in their favor. None of the cases cited by Plaintiffs support their argument that USCIS must provide advance notice of a waiver applicant's ineligibility for a visa. In Walters v. Reno, 145 F.3d 1032 (9th Cir. 1998), the Ninth Circuit recognized that a due process violation may arise when the government affirmatively misleads a noncitizen as to the relief available to him or her. See id. at 1043. Here, there is no evidence the Government misled Plaintiffs. Plaintiffs were not "lull[ed] . . . into a false sense of procedural security," Walters, 145 F.3d at 1043, where the waiver plainly stated that it only covered one type of inadmissibility, and that any other type of inadmissibility would result in the waiver's automatic revocation. While they may have received incorrect legal advice from other sources, the Government is not the cause of their

| | |
|---|---|
| 1 | confusion. |
| 2 | The Supreme Court's opinion in <u>Mullane v. Central Hanover</u> |
| 3 | <u>Bank & Trust Company</u>, 339 U.S. 306 (1950) affirmed that an |
| 4 | "elementary and fundamental requirement of due process in any |
| 5 | proceeding which is to be accorded finality is notice reasonably |
| 6 | calculated, under all the circumstances, to apprise interested |
| 7 | parties of the pendency of the action and afford them an |
| 8 | opportunity to present their objections." <u>Id.</u> at 314.  Here, the |
| 9 | waiver satisfied <u>Mullane</u> requirements: it gave notice "of such |
| 10 | nature as reasonably to convey the required information" and it |
| 11 | "afford[ed] a reasonable time for those interested to make their |
| 12 | appearance." <u>Id.</u>  The approved I-601A Waiver apprised Garcia |
| 13 | Razo that his inadmissibility under subsection 1182(a)(9)(B)(I) |
| 14 | or (II) was waived unless the consular officer determined there |
| 15 | were any other grounds of inadmissibility.  The plain language of |
| 16 | the waiver reasonably conveyed this information.  Plaintiffs had |
| 17 | a year between the waiver's approval and Garcia Razo's departure |
| 18 | to consider the limitations of the waiver and whether Garcia Razo |
| 19 | was inadmissible under any other grounds.  In sum, the Government |
| 20 | provided Plaintiffs with adequate notice of the I-601A Waiver's |
| 21 | approval and limitations.  Accordingly, as there is no evidence |
| 22 | that USCIS acted arbitrarily or capriciously, or that USCIS's |
| 23 | conduct was contrary to law, Plaintiffs' third claim must be |
| 24 | dismissed. |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

**III. ORDER**

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Summary Judgment and GRANTS the Government's Motion to Dismiss with prejudice.

IT IS SO ORDERED.

Dated: April 24, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE